**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

**CASSIE WOODSON,**

**Plaintiff,**

**v.**

1. **BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY, In its Official Capacity as Governing Body of the County of Oklahoma County,**
2. **OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY**
3. **JOHN and JANE DOES 1-2;**

**Defendants.**

**Case No.** CIV-24-681-JD

**JURY TRIAL DEMANDED**

## COMPLAINT AND JURY DEMAND

Plaintiff **CASSIE WOODSON**, by and through her attorney of record **SHELLEY LEVISAY**[1], pursuant to Rule 8(a), Fed.R.Civ.P., complains and alleges for causes of action against Defendants as follows:

## PRELIMINARY STATEMENT

This is a civil rights action in which Plaintiff seeks relief for Defendant's violations of her rights guaranteed by the United States Constitution, specifically the Fourth, the Eighth, and

[1] Shelley Levisay is serving as Temporary Attorney of Record. A substitution of Counsel will be filed at a later date by Attorney, William R. Pierce, pending his admission to the Western District of Oklahoma who is currently a member of the United States Supreme Court Bar and is awaiting a letter of Good Standing to complete the admission application. William R. Pierce, 3404 NW 135th St., Oklahoma City, OK 73120.

Fourteenth Amendments, which rights are further secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988. Plaintiff seeks damages, both compensatory and punitive; affirmative and equitable relief; an award of attorney fees, costs, and interest; and other and further relief as is available under law and as the Court deems just and equitable. There is further an action at law to redress a deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States, and by the law, statutes, and the Constitution of the State of Oklahoma.

**THE PARTIES**

1. Plaintiff **CASSIE WOODSON** ("Plaintiff" or "M. Woodson") is a citizen of the United States of America and a resident Oklahoma County, Oklahoma. She is a single father of two young children and works in cattle and ranching in western Oklahoma.

2. Defendant **Board of County Commissioners for Oklahoma County** ("Board" or "BOCC") is the legislative entity with non-delegable statutory responsible for providing a jail facility for Oklahoma County, Oklahoma that is adequate for the safe-keeping of inmates. See 57 O.S. §41.3.

3. Defendant **Oklahoma County Criminal Justice Authority** ("OCCJA" or "Jail Trust") is a public trust created for the furtherance of purported public functions pursuant to 60 Okla. Stat. § 176, et seq. OCCJA was created by a certain "Trust Indenture." Under the Trust Indenture, OCCJA is to "assist" Oklahoma County in its stated objective of operating the Oklahoma County "Jail Facilities," which includes the Oklahoma County Detention Center ("Oklahoma County Jail" or "Jail"). Under the Trust Indenture, OCCJA was delegated the responsibility of developing policies and procedures

ot address the administration of the Jail. The Oklahoma County Sheriff and a member of the Oklahoma County Board of County Commissioners are permanent members/trustees of the OCCJA.

4. Defendants **JOHN and JANE DOES** 1-2 are believed to be employees of the Oklahoma County Sheriff's Office, operating within either their official or individual capacities. Their true identities are yet unknown but will be discovered during the discovery period.

**JURISDICTION AND VENUE**

5. This action arises under the United States Constitution and federal law, particularly under the provisions of the Fourth and Eighth Amendments to the Constitution of the United States and under 42 U.S.C. §§ 1983 and 1988.

6. This action seeks redress for violations of the civil rights laws of the United States, and jurisdiction is therefore invoked pursuant to 42 U.S.C. § 1983.

7. The claims made in this Complaint occurred and arose in the State of Oklahoma, in this District. of this Court. Venue is therefore proper under 28 U.S.C. § 1391 and 28 U.S.C. § 1331.

8. Plaintiff is seeking damages under federal law pursuant to the claims for relief specified below, in amounts to be proved at trial.

9. This Court has authority to award costs and attorney fees pursuant to 42 U.S.C. § 1988.

**STATEMENT OF FACTS**

10. On July 6th, 2022, Woodson was arrested and taken to the Oklahoma County Detention Center and originally placed in a female holding cell.

11. Shortly thereafter a male Detention Officer, John Doe 1, came to the cell and proceeded to move her to another cell.

12. The male detention Officer, John Doe 1, caused injury to her left shoulder and arm.

13. Woodson stated the officer grabbed her so forcefully lifting her off the floor to the point she had to walk on her tip toes to keep up with him.

14. Woodson was forced into a male holding cell where approximately 10 or more male inmates were being held.

15. The male inmates attacked and raped Woodson repeatedly

16. A female officer, Jane Doe 2, saw what was going on, but instead of offering any assistance the officer laughed and walked away leaving Ms. Woodson in the cell to be endure repeated violent rapes.

17. Woodson was moved to another cell and 2 (two) male exterminators entered her cell and started spraying pesticide. The exterminators sprayed so much pesticide the entire floor was soaking wet with liquid chemical.

18. Ms. Woodson retained clothing evidence (pajama type pants) from the incident. Woodson stated kept the pants in a plastic bag at her residence until turning the evidence over to jail investigators. Jail investigators took custody of the pajama pants from Woodson and advised her they would be submitted OSBI to be forensically examined for any possible criminal evidence.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### Cruel and Unusual Punishment in Violation of the Eighth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983)

19. Allegations Applicable to all Defendants.

20. Plaintiff re-alleges and incorporates by reference each paragraph of this Complaint, as though fully set forth herein.

21. Ms. Woodson was a clearly a female inmate and should have, at all times, been placed in am appropriate female holding cell.

22. Nonetheless, Defendants disregarded the known and obvious risks and intentionally placed Ms. Woodson in a male holding cell.

23. Defendants failed to provide, inter alia, proper monitoring and supervision for Ms. Woodson while she was placed under their care, and placed in a male holding cell with male inmates, in deliberate indifference to Ms. Woodson's' health, safety, and bodily integrity.

24. As a direct and proximate result of Defendants' conduct, Ms. Woodson was repeatedly raped and further experienced physical pain, severe emotional distress, mental anguish, and the damages alleged herein.

**B. Supervisor Liability (OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY)**

25. Plaintiff re-alleges and incorporates by reference each paragraph of this Complaint, as though fully set forth herein.

26. There is an affirmative link between the aforementioned acts and/or omissions of Defendants in being deliberately indifferent to Ms. Woodson's health, safety, bodily integrity and policies, practices and/or customs of the Oklahoma County Criminal Justice Authority, promulgated, created, implemented and/or possessed responsibility for. Such policies, practices and/or customs include, but are not limited to:

    a. Severe limitation of the use of off-site medical and diagnostic service providers, even in emergent situations;

    b. Untimely medical examinations and treatment;

    c. Understaffing

    d. Inadequate training

    e. Fostering an atmosphere and a system of indifference to the safety and bodily integrity of inmates.

    f. Utterly inadequate supervision of staff and inmates;

27. The Oklahoma County Criminal Justice Authority Anthony knew and/or it was obvious that the maintenance of the aforementioned policies, practices and/or customs posed an excessive risk to the health and safety of inmates like Ms. Woodson.

28. The Oklahoma County Criminal Justice Authority disregarded the known and/or obvious risks to the health and safety of inmates like Ms. Woodson.

29. The Oklahoma County Criminal Justice Authority, through its continued encouragement, ratification and approval of the aforementioned policies, practices and/or customs, in

spite of their known and/or obvious inadequacies and dangers, has been deliberately indifferent to inmates' safety including Ms. Woodson.

30. There is an affirmative link between the unconstitutional acts of subordinates and the Oklahoma County Criminal Justice Authority adoption and/or maintenance of the aforementioned policies, practices and/or customs.

31. As a direct and proximate result of the aforementioned policies, practices and/or customs, Ms. Woodson suffered injuries and damages alleged herein.

## SECOND CLAIM FOR RELIEF

### Violation of Article II § 9 of the Constitution of the State of Oklahoma Cruel and Unusual Punishment and Deliberate Indifference

32. Plaintiff re-alleges and incorporates by reference each paragraph of the Complaint, as though fully set forth herein.

33. Article II § 9 of the Oklahoma Constitution prohibits the infliction of cruel and unusual punishment. Under the Oklahoma Constitution's Due Process Clause, Article II § 7, the right to be free from cruel and unusual punishment extends to pre-trial detainees who have yet to be convicted of a crime (in addition to convicted prisoners who are clearly protected under Article II § 9).

34. The Constitution of the State of Oklahoma, under Article II § 9 and Article II § 7,provides a private right of action for Ms. Woodson to be free from  cruel and unusual punishment, which includes protection from assault while in custody and being placed in a gender appropriate holding cell.

35. As described herein, Ms. Woodson, while in the custody of the Oklahoma County Detention Center– under the care of the Oklahoma County Criminal Justice Authority – was denied proper safety precautions and place in a male holding cell where she was repeatedly raped by male inmates. Defendants violated Ms. Woodson's rights by failing deliberately placing her in a male holding cell.

36. At all times relevant, the Jail personnel described in the Complaint were acting within the scope of their employment and under the supervision of Oklahoma County Criminal Justice Authority.

37. Defendants' denial of medical care and treatment to Ms. Woodson violated Article II §§ 7 and 9 of the Constitution of the State of Oklahoma and was a direct and proximate cause of Ms. Woodson's prolonged pain, suffering, sever emotional distress, as well as all other damages alleged herein. The Oklahoma County Criminal Justice Authority and the Oklahoma County Board of County Commissioners is vicariously liable for the violations of the Oklahoma Constitution by employees and agents acting within the scope of their employment.

**DAMAGES SUMMARY**

In addition to other damages set forth or implied herein the actions of the Defendants at least as follows:

a. **Attorney Fees**. Woodson has incurred attorney fees sparked by the unconstitutional conduct of defendants.

b. **Pain, Suffering and Humiliation**. In addition to all the other damages, Woodson suffered pain, suffering, humiliation, loss of face, and damage to reputation.

c. **Violation of Constitutional Rights**. Woodson's Eight Amendment Right to be free of cruel and unusual punishment has been violated.

**JURY DEMAND**

Plaintiff requests a jury trial on all issues in this case.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff Cassie Woodson prays that the Court will grant the following:

A. For general compensatory damages for Plaintiff in an amount to be determined at trial;

B. For special damage as are shown at trial;

C. For punitive damages against named individuals for willful, malicious conduct, as may be allowed by law;

D. For pre-judgment interest on the damages assessed by the verdict of the jury, as allowed by law;

E. The costs of the action, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988(b) and interest as provided by law.

F. For such other and further relief as the Court deems just and proper.

Dated: July 2nd, 2024

Respectfully submitted,

*S/Shelley L. Levisay*
SHELLEY L. LEVISAY, OBA #30626
SHAWNEELITIGATOR LAW
318 N. Broadway
Shawnee, OK 74801
T: (405) 273-6510
E: shelley@shawneelitigator.net

**ATTORNEY FOR PLAINTIFF CASSIE WOODSON**