IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CASSIE WOODSON, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BOARD OF COUNTY COMMISSIONERS )<br>OF OKLAHOMA COUNTY, in its official )<br>capacity as Governing Body of Oklahoma )<br>County; OKLAHOMA COUNTY CRIMINAL )<br>JUSTICE AUTHORITY; and )<br>JOHN AND JANE DOES, sued as )<br>John and Jane Does 1–2, )<br>)<br>    Defendants. ) | Case No. CIV-24-00681-JD |

## ORDER

Before the Court is the Report and Recommendation ("R. & R.") issued by United States Magistrate Judge Shon T. Erwin on February 14, 2025. [Doc. No. 12]. The R. & R. recommends that the Court grant Defendant Oklahoma County Criminal Justice Authority ("OCCJA") Motion to Dismiss [Doc. No. 8] for lack of proper service. *See* Fed. R. Civ. P. 4. Plaintiff Cassie Woodson ("Plaintiff") did not file a response to OCCJA's Motion to Dismiss, despite Judge Erwin extending the deadline for her to do so. [*See* Doc. No. 10].

Judge Erwin found that Plaintiff has not met her burden of showing substantial compliance with the service requirements for proper service upon OCCJA. [Doc. No. 12 at 3–4].[1] Accordingly, Judge Erwin recommends that the Court (1) quash the original

---

[1] The Court uses CM/ECF page numbers from the top of docket filings.

service attempt on OCCJA and (2) allow Plaintiff an opportunity to effectuate proper service or risk dismissal of the claims against OCCJA. [*Id.* at 4–5]. Judge Erwin further recommends that the Court not reach the other arguments for dismissal raised in OCCJA's Motion to Dismiss until Plaintiff obtains proper service, at which time OCCJA may file another motion reasserting substantive arguments. [*Id.* at 1 n.1].

The R. & R. advised the parties of their right to object to the R. & R. by March 3, 2025, and warned that failure to file a timely objection would waive the right to appellate review of the factual and legal issues in the R. & R. [*Id.* at 5]. No party filed an objection or requested an extension of time to do so.

For the reasons outlined below, the Court accepts the R. & R.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate [judge]." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This rule "provides that the failure to make timely objection to the magistrate[] [judge's] findings or recommendations waives appellate review of both factual and legal questions." *Id.* There are two exceptions to the waiver rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore*, 950 F.2d at 659). The Tenth Circuit has considered various factors to determine

whether the interests of justice require review, which include "[1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised." *Id.* at 1120.

No party objected, and neither exception to the firm waiver rule applies. The parties are represented by counsel. The interests of justice do not require review, as the parties have not explained their lack of objection. The interests of justice also do not require review under the factors provided by the Tenth Circuit. Alternatively, although the Court is not required to review the record and law de novo, it has done so and determines that the R. & R. should be adopted in full.

The Court, therefore, ACCEPTS the R. & R. [Doc. No. 12] and QUASHES service upon Defendant OCCJA. If Plaintiff intends to cure her service defects,[2] Plaintiff has fourteen days, or until **July 17, 2025,** to effectuate proper service upon OCCJA or risk dismissal of her claims against OCCJA without prejudice. *See* Fed. R. Civ. P. 4. Failure to file proper service of process or waiver of service by July 17, 2025, will result in dismissal of Plaintiff's claims against OCCJA without prejudice to refiling and without further warning by the Court.

IT IS SO ORDERED this 3rd day of July 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[2] *See Gregory v. U.S./U.S. Bankr. Ct. for Dist. of Colo.*, 942 F.2d 1498, 1500 (10th Cir. 1991) (holding that "when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant" (quoting *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983))).