## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CASSIE WOODSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-00681-JD |
| | ) | |
| BOARD OF COUNTY COMMISSIONERS | ) | |
| OF OKLAHOMA COUNTY, in its official | ) | |
| capacity as Governing Body of Oklahoma | ) | |
| County; OKLAHOMA COUNTY CRIMINAL | ) | |
| JUSTICE AUTHORITY; and | ) | |
| JOHN AND JANE DOES, sued as | ) | |
| John and Jane Does 1–2, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the Court are the Report and Recommendation ("R. & R.") issued by
United States Magistrate Judge Shon T. Erwin on February 14, 2025 [Doc. No. 11],
Defendant Board of County Commissioners of Oklahoma County's ("Board") Motion to
Dismiss ("Motion") [Doc. No. 6], and Plaintiff Cassie Woodson's ("Plaintiff") objection
to the Motion [Doc. No. 9].

The R. & R. recommends that the Court grant the Board's Motion. First, Judge
Erwin determined that Plaintiff failed to state a claim for municipal liability against the
Board under 42 U.S.C. § 1983 because she did not plead a Board custom or policy that
was the proximate cause of her injuries. [Doc. No. 11 at 9].[1] Accordingly, Judge Erwin

---

[1] The Court uses CM/ECF page numbers from the top of docket filings.

recommends dismissing Plaintiff's federal claim against the Board without prejudice. [*Id.*]. Plaintiff also asserts a claim against the Board under Oklahoma state law, alleging a violation of the Oklahoma Constitution. [Doc. No. 1 at 7–8]. Because Judge Erwin concluded Plaintiff has no viable federal claim against the Board, he recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claim. [Doc. No. 11 at 9–10].

The R. & R. advised the parties of their right to object by March 3, 2025, and warned that failure to file a timely objection would waive the right to appellate review of the factual and legal issues in the R. & R. [*Id.* at 10]. No party filed an objection or requested an extension of time to do so.

For the reasons outlined below, the Court accepts the R. & R.'s recommendation that the Court grant the Board's Motion to Dismiss but modifies the reasoning for dismissal of Plaintiff's state law claim.

## I.    <u>BACKGROUND</u>

On July 6, 2022, Plaintiff was arrested and taken to Oklahoma County Detention Center, where she was placed in a female holding cell. [Doc. No. 1 ¶ 10]. A male detention officer (John Doe 1) moved her to another cell. [*Id.* ¶ 11]. The detention officer lifted Plaintiff off the ground forcing Plaintiff to walk on her tiptoes. [*Id.* ¶ 13]. He injured Plaintiff's left arm and left shoulder. [*Id.* ¶ 12].

Plaintiff was then placed in a male holding cell with approximately ten or more male inmates, who attacked and raped Plaintiff. [*Id.* ¶¶ 14–15]. A female officer (Jane Doe 2) witnessed the attacks upon Plaintiff but laughed and walked away. [*Id.* ¶ 16].

2

Plaintiff was then moved to another cell, where two exterminators entered and sprayed pesticide until the floor was wet. [*Id.* ¶ 17].

Plaintiff initiated this lawsuit against the Board, the Oklahoma County Criminal Justice Authority ("OCCJA"), John Doe 1, and Jane Doe 2 (collectively "Defendants"). [*Id.* ¶¶ 1–4]. Plaintiff brings a claim pursuant to 42 U.S.C. § 1983, against all Defendants, alleging violations of the Eighth and Fourteenth Amendments of the U.S. Constitution. [*Id.* ¶¶ 19–31]. Plaintiff also brings a state law claim against all Defendants, alleging a violation of Article II, § 9 of the Oklahoma Constitution. [*Id.* ¶¶ 32–37]. Plaintiff seeks monetary damages. [*Id.* at 8–9].

## II.    <u>STANDARD OF REVIEW</u>

### A.    **Standard of review for a report and recommendation**

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate [judge]." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This rule "provides that the failure to make timely objection to the magistrate[] [judge's] findings or recommendations waives appellate review of both factual and legal questions." *Id.* There are two exceptions to the waiver rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting

*Moore*, 950 F.2d at 659). The Tenth Circuit has considered various factors to determine whether the interests of justice require review, which include "[1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised." *Id.* at 1120.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In addition, "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985). "De novo review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995).

### B.    Standard of review for a Rule 12(b)(1) motion[2]

Rule 12(b)(1) motions "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). When a motion is a facial attack, as is

---

[2] In this order, the Court addresses one of the Board's substantive arguments raised in its Motion to Dismiss—whether Plaintiff complied with the notice requirements of the Governmental Tort Claims Act. [*See* Doc. No. 6 at 14–15]. Because compliance with those notice requirements is a jurisdictional issue, the Court properly considers the allegations under Rule 12(b)(1). *See Jones v. Indep. Sch. Dist. 89*, No. CIV-19-797-R, 2019 WL 6917896, at *1 (W.D. Okla. Dec. 19, 2019) (considering whether the plaintiff complied with GTCA notice requirements as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)).

the case here, the Court presumes that all allegations in the complaint are true. *Id.*; *see also Utah Native Plant Soc'y v. U.S. Forest Serv.*, 923 F.3d 860, 865 (10th Cir. 2019) (explaining that a facial challenge under Rule 12(b)(1) requires the Court to "apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged" (citation omitted)).

## III.    ANALYSIS

### A.    The Court adopts the recommendation regarding dismissal of Plaintiff's 42 U.S.C. § 1983 claim against the Board.

The Board moved to dismiss Plaintiff's 42 U.S.C. § 1983 claim, arguing that Plaintiff failed to state a claim because she has not alleged a Board custom or policy caused the constitutional violation. [Doc. No. 6 at 11–14]. Judge Erwin recommends dismissal upon this ground. [Doc. No. 11 at 5–9].

No party objected, and neither exception to the firm waiver rule applies. The parties are represented by counsel. The interests of justice do not require review, as the parties have not explained their lack of objection. The interests of justice also do not require review under the factors provided by the Tenth Circuit. Alternatively, although the Court is not required to review the record de novo, it has done so and determines that the R. & R.'s analysis regarding Plaintiff's § 1983 claim should be adopted in full.

Accordingly, the Court accepts Judge Erwin's recommendation to dismiss Plaintiff's 42 U.S.C. § 1983 claim against the Board.

**B.    The Court modifies the reasoning behind the recommendation regarding dismissal of Plaintiff's state law claim against the Board.**

*1.    The Court declines to dismiss for lack of jurisdiction at this juncture.*

The Court next turns to Judge Erwin's recommendation to decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claim against the Board. Having concluded Plaintiff failed to state a federal claim against the Board, the R. & R. recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claim against the Board. [Doc. No. 11 at 9–10]. Plaintiff did not object to Judge Erwin's recommendation. Nevertheless, given that federal claims currently remain against the other Defendants, the Court finds it appropriate to review this issue de novo. *See Thomas*, 474 U.S. at 154.

28 U.S.C. § 1367(a) provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The district court, however, may decline to exercise this supplemental jurisdiction if the claim raises a novel or complex issue of state law, the claim substantially predominates over the claim over which the district court has original jurisdiction, the district court has dismissed all claims over which it has original jurisdiction, or exceptional circumstances provide compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

Although the Court is adopting Judge Erwin's recommendation to dismiss

Plaintiff's federal claim against the Board, Plaintiff's federal claim against the other Defendants currently remains, and that claim relies upon common issues of fact with Plaintiff's state law claim against the Board.[3] The Court, therefore, cannot say that there is an appropriate reason to decline supplemental jurisdiction over Plaintiff's state law claim against the Board at this juncture. The Court, therefore, rejects this portion of the R. & R.

> 2. *Plaintiff has not pleaded compliance with the notice provisions of the GTCA, thereby making dismissal of her state claim against the Board appropriate.*

Because the Court concludes it should exercise supplemental jurisdiction over Plaintiff's state law claim against the Board, the Court now addresses the Board's arguments pertaining to dismissal of Plaintiff's state law claim. The Board argues that the Governmental Tort Claims Act ("GTCA") bars Plaintiff's state law claim because (1) Plaintiff did not comply with the notice requirements and (2) the Board retains sovereign immunity under GTCA for torts arising out of jail operations. [Doc. No. 6 at 14–15 (citing Okla. Stat. tit. 51, § 151 *et seq.*)]. In response, Plaintiff states the GTCA does not apply to her claims under the Oklahoma Constitution. [Doc. No. 9 at 5–6].

"Under the GTCA, a plaintiff may not invoke a court's power to adjudicate a tort claim against a political subdivision without complying with the statutory requirements relating to pre-suit notice of such claims." *Jones v. Indep. Sch. Dist. 89*, No. CIV-19-797-

---

[3] By separate order, the Court quashed Plaintiff's service on Defendant OCCJA and ordered Plaintiff to effectuate proper service on OCCJA by July 17, 2025. [*See* Doc. No. 13]. The Court also issued a show cause order to Plaintiff regarding her federal and state claims directed at the two Doe defendants. [*See* Doc. No. 14].

R, 2019 WL 6917896, at *1 (W.D. Okla. Dec. 19, 2019) (citing Okla. Stat. tit. 51,

§ 156(A)). The GTCA requires that, prior to filing suit, a plaintiff present notice of the

claim to the State or relevant political subdivision within one year of the date of loss and

then, if the claim is denied, commence the action within 180 days after the denial. *See*

Okla. Stat. tit. 51, §§ 156(B), 157(B). The notice requirement is a "jurisdictional

prerequisite." *Jones*, 2019 WL 6917896, at *1. A plaintiff must affirmatively plead

compliance with the notice provisions of the GTCA. *Drake v. Okla. ex rel. Okla. State*

*Dep't of Health*, No. CIV-22-471-D, 2022 WL 4543227, at *2 (W.D. Okla. Sept. 28,

2022).

> The GTCA defines a "tort" as follows:
>
> a legal wrong, independent of contract, involving violation of a duty
> imposed by general law, statute, *the Constitution of the State of Oklahoma*,
> or otherwise, resulting in a loss to any person, association or corporation as
> the proximate result of an act or omission of a political subdivision or the
> state or an employee acting within the scope of employment.

Okla. Stat. tit. 51, § 152(17) (emphasis added). Accordingly, Plaintiff's claim that the

Board violated the Oklahoma Constitution falls within the plain language of the GTCA.

Plaintiff has not presented any authority in support of her argument that the GTCA

does not apply to her claims under the Oklahoma Constitution. [*See* Doc. No. 9 at 5–6

(stating that "[t]he violations of the Plaintiff's Eight[h] and Fourteenth Amendments

rights [are] not subject to any state tort claim and should be permitted to proceed to

discovery")]. The Oklahoma Supreme Court has directly addressed whether the GTCA

applies to suits for damages arising from constitutional violations:

> The Legislature's amendment of the GTCA to specify that the GTCA applies even to tort suits alleging violations of constitutional rights was an exercise of the Legislature's long-recognized power to define the scope of the State's sovereign immunity, which forecloses our ability to expand the common law in a manner that would conflict with statutory law. Thus, because these 'constitutional' torts are now clearly 'torts' governed by the GTCA, the GTCA's specific prohibition against tort suits arising out of the 'operation or maintenance of any prison, jail or correctional facility' bars the claims at issue here.

*Barrios v. Haskell Cnty. Pub. Facilities Auth.*, 2018 OK 90, ¶ 12, 432 P.3d 233, 238–39.

Plaintiff does not dispute that the GTCA applies to suits against the Board but instead argues that the Board cannot escape liability by delegating operations of the jail to the OCCJA. [Doc. No. 9 at 5–6]. This argument is irrelevant, however, to the determination of whether Plaintiff complied with the notice provisions of the GTCA.

Plaintiff has not alleged compliance with the notice provisions of the GTCA. Plaintiff's complaint does not reference providing notice to the Board before filing this lawsuit. [*See* Doc. No. 1]. Accordingly, the Court concludes it should dismiss Plaintiff's state law claim against the Board. Because dismissal is warranted upon this ground, the Court does not address the Board's remaining argument for dismissal of Plaintiff's state law claim.

## IV.    <u>CONCLUSION</u>

For the reasons outlined above, the Court ACCEPTS the recommendation of the R. & R. [Doc. No. 11] to GRANT the Board's Motion to Dismiss [Doc. No. 6] and DISMISSES Plaintiff's claims against the Board. The Court MODIFIES the R. & R.

regarding the analysis of the dismissal of Plaintiff's state law claim against the Board.[4]

       IT IS SO ORDERED this 3rd day of July 2025.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[4] In Plaintiff's response, she requests leave to amend her complaint—which has not previously been amended—to address any grounds for dismissal upon which the Court relies. [*See* Doc. No. 9 at 6]. Under Local Civil Rule 7.1(c), "[a] response to a motion may not also include a motion or a cross-motion made by the responding party." *See also* Fed. R. Civ. P. 7(b)(1) (a request for court action must be made by motion). The Court denies any request to seek leave made in the response without prejudice to the submission of a proper motion following the Federal Rules of Civil Procedure and Local Civil Rules. But because Plaintiff has not previously amended her complaint, the Court will withhold its judgment of dismissal without prejudice on the complaint as against Defendant Board for fourteen days, or until July 17, 2025, to see if Plaintiff presents a timely and proper motion for leave to amend. *See* Fed. R. Civ. P. 15(a)(2); LCvR15.1; LCvR7.1(j). Absent a timely and proper motion for leave to amend before the Court's deadline, or some other timely filing, the Court will enter a judgment dismissing Plaintiff's claims against the Board [Doc. No. 1] without prejudice to refiling.