# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CASSIE WOODSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-00681-JD |
| ) | |
| BOARD OF COUNTY COMMISSIONERS ) | |
| OF OKLAHOMA COUNTY, in its official ) | |
| capacity as Governing Body of Oklahoma ) | |
| County; OKLAHOMA COUNTY CRIMINAL ) | |
| JUSTICE AUTHORITY; and ) | |
| JOHN AND JANE DOES, sued as ) | |
| John and Jane Does 1–2, ) | |
| ) | |
| Defendants. ) | |

## ORDER

The Court previously entered an order on July 5, 2024, referring this case to United States Magistrate Judge Shon T. Erwin for preliminary review. Because Plaintiff did not respond to the Court's orders by prosecuting her action in accordance with those orders, or file anything further with the Court since its orders, *see* [Doc. Nos. 13, 14, 15], the Court now vacates its prior orders of referral, *see* [Doc. No. 3 and July 3, 2025 docket text], terminates the referral, and dismisses Plaintiff's claims without prejudice.

Plaintiff Cassie Woodson filed this action bringing federal claims under 42 U.S.C. § 1983 and state claims under the Oklahoma Constitution against Defendants Board of County Commissioners of Oklahoma County ("Board"), Oklahoma County Criminal Justice Authority ("OCCJA"), and John and Jane Does 1–2. *See* [Doc. No. 1]. Defendants Board and OCCJA moved to dismiss all claims asserted by Plaintiff. [Doc. Nos. 6, 8].

Judge Erwin issued reports and recommendations concerning the motions to dismiss. [Doc. Nos. 11, 12].

Acting on the report and recommendation [Doc. No. 11] and the Board's motion to dismiss [Doc. No. 6], in an order dated July 3, 2025, the Court dismissed Plaintiff's federal and state claims against the Board. [Doc. No. 15]. The Court gave Plaintiff fourteen days from the date of the entry of its order, or until July 17, 2025, to file a motion for leave to amend her complaint. *Id.* at 10 n.4. The Court explained that in the absence of a timely and proper motion for leave to amend, the Court would enter its judgment.

Also on July 3, 2025, acting on the report and recommendation [Doc. No. 12] and OCCJA's motion to dismiss [Doc. No. 8], the Court quashed service on OCCJA. [Doc. No. 13].[1] The Court gave Plaintiff fourteen days from the date of the entry of its order, or until July 17, 2025, to cure her service defects against OCCJA. [Doc. No. 13 at 3 & n.2]. The Court explained that in the absence of the filing of a proper service of process or waiver of service, the Court would dismiss Plaintiff's federal and state claims against OCCJA without prejudice.

Finally, in a separate order on July 3, 2025, the Court ordered Plaintiff to show cause why service has not been timely made on John and Jane Does 1–2. [Doc. No. 14]. The Court gave Plaintiff fourteen days from the date of its order, or until July 17, 2025, to

---

[1] As Judge Erwin noted in the report and recommendation, which this Court adopted and accepted, courts may quash the improper service of process attempt on the defendant without dismissing the action and give the plaintiff an opportunity to effectuate proper service on the defendant. *See* [Doc. No. 12 at 3–4].

file a response showing why Plaintiff's federal and state claims against Defendants John and Jane Does 1–2 should not be dismissed for lack of service. The Court explained that in the absence of a response to the order, the Court would dismiss without prejudice John and Jane Does 1–2 under Federal Rule of Civil Procedure 4(m).

As of this date, Plaintiff has not filed a motion seeking leave to amend her complaint, nor has she filed a proper service of process or waiver of service for OCCJA, or responded to the Court's show cause order regarding service on Defendants John and Jane Does 1–2. Plaintiff has not made any timely response to the Court's orders or requested any additional time to respond to the orders or prosecute her action.

Consequently, based on its prior orders and Federal Rule of Civil Procedure 41(b), the Court dismisses Plaintiff's claims against Defendants and will enter a separate judgment dismissing this action.

IT IS SO ORDERED this 21st day of July 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE